## Brisbane *against* The Bank.

Bank stock subscribed in the name of a minor by his guardian, is the property of the ward when he arrives at full age, and under his control; and his right to recover it and its proceeds cannot be affected by evidence of acts of ownership done by the guardian, or by his representatives after his decease.

WRIT of error to the common pleas of *Dauphin* county.

This was an action by James Brisbane against the Harrisburg Bank for refusing to permit him to assign eight shares of the capital stock of the bank, and also for certain dividends declared upon the said stock. The case is very fully stated in the opinion of the Court, which was delivered by,

ROGERS, J.—The facts of this case, so far as I have been able to collect them from the testimony on the record, appear to be these. The late Mr John Coxe, who was the guardian of the plaintiff, received for his ward, at different times, large sums of money arising from various sources, and particularly from the rent of a valuable farm in the county of Lancaster. This money it became necessary from time to time to invest; and the presumption is, that the stock in question was one of the investments made by the guardian with the money of the ward, and intended for his benefit. It is invested in his name, and *prima facie* constitutes part of the minor's estate. I think it will hardly admit of question, that if the guardian proved to be insolvent, the stock, standing as it did in the name of the ward, could not have been taken for his debts; nor could it properly be taken into the inventory of his estate. There is a propriety in keeping the estates of the ward and the guardian as distinct as possible; so that there may be no difficulty in distinguishing them. This course is reciprocally beneficial; for when ordinary care is used and good faith observed, as the ward is entitled to the benefits arising from the transaction, so the guardian would be protected from any loss which might attend it caused by vicissitudes and changes in the ordinary course of business. As the stock stands in the name of Brisbane, it is *prima facie* his property, a presumption which it will be incumbent on the defendant to remove. If the defendant be able to prove that the stock was purchased with the money of the guardian, and that in the settlement which took place between them the guardian has not received a credit for the amount advanced, it would remove the presumption which the law raises that the stock belongs to the plaintiff. If the facts be so, they must be susceptible of the clearest proof from the books of Mr Coxe, and the settlement which

[Brisbane v. The Bank.]

was made between him and his ward.   But the defendant was permitted to prove, that the administratrix of John B. Coxe claimed the stock in controversy, with the dividends, and has given notice to the bank of her claim.   That Brisbane arrived at lawful age in the spring of 1827, and in the spring of 1828 settled with John B. Coxe his guardian, and made, executed and delivered to him a release of all claims and demands.   [That Coxe continued to draw the dividends on said stock, and to exercise every act of ownership over it till the time of his decease in December 1831, during which time no claim was ever made to this stock by Brisbane, although nearly twenty-six years of age at that time.]   That shortly before Coxe's decease, Brisbane gave him a note for about 600 dollars, which note has, since the decease of Mr Coxe, been sued in the court of common pleas of Dauphin county, and the money recovered without any defence having been made or any objection that Coxe had not accounted for all moneys and estate that he had received for the plaintiff.   And that this stock was, at the death of Coxe, taken into the inventory of his estate with his other bank stock as part of his estate, and so charged to his administratrix, without any claim on the part of Brisbane.   This testimony was objected to for various reasons, but the court overruled the objections and admitted the testimony, except the part in crotchets, relating to Mr Coxe, which was rejected.

The original subscription for the stock, as appears by the books of the bank, was in the following terms.

" 23d of April 1818, John B. Coxe, guardian of James Brisbane, eight shares ;  place of residence, Harrisburg ;  sum paid, 40 dollars, to William Wollam."   25 dollars a share have been paid, amounting in the whole to 200 dollars.   The dividends were paid, till the 21st of November 1831, to John B. Coxe.   His receipts were, for some " for J. Brisbane," and for others as " guardian of James Brisbane." The legal title to the stock, it cannot be doubted, is in Brisbane, and when he attained his age, the power which Coxe had theretofore had, ceased.   He could neither transfer the stock, nor could he, without authority from Brisbane, receive the dividends.   The eleventh article of the act of the 25th of March 1824, provides that the stock of the banks incorporated by this act, shall be assignable or transferable on the books of the corporation only, and in the presence of the president or cashier, in such manner as the by-laws shall ordain. It is not pretended that any transfer has been made by Brisbane, nor is it said that he gave authority to any person to receive the dividends after he came of age : but it is contended that Coxe was the equitable owner of the stock standing in the name of his ward, and that Brisbane is but a trustee for his estate ; and the defendant relies on the facts above stated for the truth of these allegations.   But to this the plaintiff replies that there is nothing in the testimony admitted by the court, from which the jury could legally infer that Coxe was the equitable owner of the stock.

The release was in these words :

" Know all men by these presents, that I, James Brisbane, &c. having attained my age of twenty-one years, do hereby acknowledge that I this day have had and received of and from John Coxe, my guardian, duly appointed by the orphan's court of Lancaster county, &c. the sum of 1500 dollars, in full satisfaction of all the estate, real and personal, of my late father, James Brisbane deceased. Therefore I do, by these presents, release, acquit and for ever discharge the said John B. Coxe, his heirs, executors and administrators, of and from the said guardianship, and of and from all actions, suits, payments, accounts, reckonings, claims and demands whatsoever, for or by reason thereof, or any other cost, matter, cause or thing whatsoever, from the beginning of the world to the day of the date of these presents.    In witness, &c."

The only inference which can be legally drawn from the above recited release is, that after transferring to the ward the property which specifically belonged to him, whether real or personal, there remained in his hands, uninvested, the sum of 1500 dollars, which he pays to the ward, in full satisfaction of all the estate of that description.    There is nothing which indicates any intention to sell or dispose of any profits to which the ward had title.    The release does not purport to transfer any property of the ward to his guardian, nor can it be viewed in any other point of view than as the ordinary settlement between guardian and ward.

The court also permitted the defendant to give in evidence, " that shortly before Coxe's decease, Brisbane gave him a note for about 600 dollars, which, since the decease of Mr Coxe, has been sued in the court of common pleas of Dauphin county, and the moneys recovered, without any defence having been made, or any objection that Coxe had not accounted for all moneys and estates that he had received for the plaintiff.

The note was executed shortly before the death of Mr Coxe, and whether the dividends were included in the note we have not been informed ; nor do we know when Brisbane first ascertained that the eight shares of stock were standing on the books of the bank in his name ; or that they were included in the settlement which took place between Brisbane and Coxe.    If Brisbane was ignorant of this transaction, or if the dividends which Coxe had received were accounted for at the time the note was given, it is difficult to see what defence Brisbane could make to the suit.    The money was justly due, and it would be no answer to the suit to recover the amount of the note, that there were eight shares of stock standing in his name on the books of the bank, the ownership of which was in dispute between him and the administratrix of Coxe.    As then the title to this property could not be then tried, no inference can be drawn, from that circumstance, unfavourable to the plaintiff.

The defendant was further permitted to prove, that this stock was, at the death of Coxe, taken into the inventory of his estate, with his other bank stock, and so charged to his administratrix, with-

[Brisbane v. The Bank.]

out any claim on the part of Brisbane. If this had been done with a knowledge on the part of Brisbane of all the circumstances, and with his concurrence and approbation, this would have been evidence; but without bringing knowledge of the transaction home to him, and unless it is shown that he assented to it, he cannot be affected by a proceeding in which he is no party, done in his absence, and without his consent. Brisbane would have no right to make objection to the manner in which the administratrix should think proper to make an inventory of her husband's estate.

Judgment reversed, and a *venire de novo* awarded.

*M'Cormick*, for plaintiff in error, cited, 3 *Mod.* 277; 3 *Lev.* 273; 1 *Lev.* 101; 1 *Lord Raym.* 235, 664; 2 *Mod.* 108; 2 *Cov. & Hugh. Dig.* 1153, 1154.

*Alricks*, for defendant in error.